Craig B. Sanders, Esq.
csanders@sanderslawpllc.com
**SANDERS LAW, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| National Photo Group, LLC and BWP Media USA Inc. d/b/a Pacific Coast News, <br><br> Plaintiffs, <br><br> vs. <br><br> Midley, Inc. d/b/a Purseblog.com, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** |

National Photo Group, LLC ("NPG") and BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively referred to as "*Plaintiffs*"), by and through their undersigned counsel, for their Complaint against Defendant Midley, Inc. d/b/a PurseBlog.com (hereinafter referred to as "*Midley*") states and alleges as follows:

1

# INTRODUCTION

1. This is an action to recover for copyright infringement pursuant to 17 U.S.C. §101 *et seq.*

2. Plaintiffs provide entertainment-related photojournalism goods and services and own the rights to a multitude of photographs featuring celebrities, which they license to online, television and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and others are the subject of pending copyright applications.

3. Midley owns and operates a website known as www.purseblog.com (hereinafter referred to as the "*Website*").

4. Midley is a popular and lucrative celebrity-fashion website that profits by, *inter alia*, displaying celebrity photographs, including Plaintiffs' copyrighted photographs.

5. Midley controls the content posted by its users and encourages its users to post celebrity photographs, then copies, stores, distributes and otherwise disseminates these photographs to the public.

6. Without permission or authorization from the Plaintiffs, Midley also actively copies, stores and displays Plaintiffs' copyrighted photographs on the Website. Midley engaged in this misconduct knowingly and in violation of the United States copyright laws.

7. The copying, storing and displaying of Plaintiffs' copyrighted photographs by Midley is precisely the type of commercial use licensed by Plaintiffs to similar online, television and print publications.

8. Midley has never obtained Plaintiffs' authorization to use their copyrighted photographs nor has Midley compensated Plaintiffs for such use.

## **JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 159 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 99th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cic. 1984).

11. This Court has specific personal jurisdiction over Midley because the Website purposefully exploited the California market for its website, has a substantial California viewer-base for the website. Plaintiff's claim arises out of or results from Defendant's forum-related activities as the Infringements are on the same website that is targeting California residents. See *Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218 (9th Cir. 2011).

12. Venue is proper under 28 U.S.C. §1391(a)(2) because a substantial

part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

13. NPG is a California Limited Liability Company and maintains its principal place of business in Los Angeles County, California.

14. BWP is a Delaware Corporation and maintains its principal place of business in Los Angeles County, California.

15. On information and belief, Midley is a Florida Corporation with places of business in Broward County, Florida and New York County, New York, and is liable and responsible to Plaintiffs based on the facts herein alleged.

## FACTUAL ALLEGATIONS

16. Plaintiffs are the legal and beneficial owners of a multitude of celebrity photographs which they license to online, television and print publications.

17. Plaintiffs have invested significant time, money and resources in building their photograph portfolios.

18. Plaintiffs have obtained several active and valid copyright registrations with the United States Copyright Office (the "USCO"), which registrations cover many of their photographs and many others are the subject of

pending copyright applications.

19. Plaintiffs' photographs are original, creative works in which Plaintiffs own protectable copyright interests.

20. Midley is the registered owner and operator of www.purseblog.com and is responsible for its content.

21. The Website is a popular and lucrative celebrity fashion website that displays celebrity photographs, including Plaintiffs' copyrighted photographs, and Defendant sells various fashion products through the Website.

22. The Website is monetized in that it contains paid advertisements and endorsements and, on information and belief, Midley profits from these activities.

23. Midley offers memberships to the Website and related online services at no charge.

24. While any individual may create an account with Midley, Midley only gives such individuals limited access until he or she contributes a minimum of ten (10) posts to existing threads and has at least five (5) days of membership.

25. Once an individual has maintained an account for the requisite number of days and has posted at least ten (10) comments to existing discussions, Midley then determines whether such individual will be upgraded to a 'full account', which upgrade enables the individual to engage in a variety

of activities, including posting images, initiating threads, obtaining "signatures" and posting comments.

26. Without permission or authorization from Plaintiffs, Midley copied, stored, displayed and/or distributed Plaintiffs' copyright protected photographs (hereinafter collectively referred to as the "Photographs") on the Website to any member of the public with an Internet connection, as set forth in "Exhibit 1".

27. The Photographs were copied without license or permission, thereby infringing on Plaintiffs' duly registered and pending copyrights (hereinafter collectively referred to as the "Infringements").

28. Midley utilized the celebrity status, allure and/or "draw" of Plaintiffs' Photographs to populate its commercial Website with content purposefully designed to increase user traffic in order to maximize its advertising revenue, merchandise sales and endorsements, thereby directly profiting from the Infringements.

29. Midley takes an active and pervasive role in the content posted on its Website, by copying, posting, selecting, commenting on and displaying Plaintiffs' photographs.

30. Midley directly contributes to the content posted on its Website by, *inter alia*, employing moderators and administrators as Midley's agents (hereinafter collectively referred to as "Employees") who are responsible for

1 operating and controlling the activities on the Website.

2     31. The Website defines the Employees as follows:

3         a. "Moderators oversee specific forums. They generally have the ability to edit and delete posts, move threads, and perform other actions. Becoming a moderator for a specific forum is usually rewarded to users who are particularly helpful and knowledgeable in the subject of the forum they are moderating.

        b. Administrators are the people who have overall control of everything that happens on the board. They oversee how the board is styled, what forums to create and how to organize them, what information to require from members and who to appoint as moderators."

*See* http://forum.purseblog.com/faq.php?faq=vb3_reading_posting#faq_vb3_mods_admins.

    32. Midley's act of designating the Employees as moderators and administrators and providing them with specific forum-related powers leads a "third party reasonably to believe the actor has authority to act on behalf of the Defendants. Restatement (Third) of Agency, § 2.03 (2006); *Columbia Pictures Industries, Inc. v. Fung,* No. CV 06–5578(SVW), 2009 WL6355911 (C.D.Cal.

Dec. 21, 2009), *aff'd in part and modified,* 710 F.3d 1020 (9th Cir. 2013).

33. At all times relevant hereto, the Employees were acting within the course and scope of their employment.

34. At all times relevant hereto, the Employees were acting within the course and scope of their agency.

35. A minority of the Website's members post a majority of the content on the Website, including a majority of Plaintiff's Photographs at issue in this action.

36. Individuals with the following screen names have contributed over ten thousand (10,000) posts each: "steph22" (over twenty-five thousand postings), "sassys" (nearly twenty-four thousand postings), "iluvmybags" (over thirty-six thousand postings); "Nat" (over twenty-six thousand posts); "bobobob" (over fifteen thousand postings); "Jayne1" (over eighteen thousand postings); "Sasha2012" (nearly ten thousand postings); "BagBerry13" (almost ten thousand postings); "karo" (over eighteen thousand postings) and "platinum_girly" (twenty-three thousand postings), (hereinafter collectively referred to as "Agents").

37. To have created the aforementioned number of posts, these Agents

necessarily initiated a number of unique posts on a daily basis such that, on information and belief, it appears evident that they are the agents and/or employees of Midley and created such posts within the course and scope of such agency and/or employment.

38. 17 U.S.C. §512(c)(1) only provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." S.Rep. No. 105–190, at 43 (1998).

39. None of the infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

40. Each infringement listed in the Exhibits constitutes a separate and distinct act of infringement by Midley.

41. As set forth more fully in the Exhibits, each listed infringement contains the URL ("*Uniform Resource Locator*") for a webpage which is a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and constitutes a specific item of infringement.

42. On information and belief, each Infringement listed in "Exhibit 1"

9

1  is an exact copy of Plaintiffs' original image that was directly copied by Midley
2  and/or its Employees and stored on the Website.

3    43.   Midley's Employees and Agents posted photographs (including Plaintiffs' Photographs), reviewed other users' postings, created "threads" featuring Plaintiffs' photographs, deleted and modified the content on the Website and promoted Plaintiffs' Photographs by, *inter alia*: (i) giving the Photograph(s) a high "ranking"; (ii) "liking" the Photograph(s); and/or (iii) giving the member a higher "status."  By actively taking steps to increase the visibility of Plaintiffs' Photographs, Midley obtained actual and/or constructive notice of the existence of infringing content on the Website.

   44.   On information and belief, Midley was subjectively aware of facts that would have made the specific infringements objectively obvious to a reasonable person.

   45.   On information and belief, Midley was aware of facts or circumstances from which a determination regarding the Infringements was apparent.

   46.   Based on the totality of the circumstances, Midley cannot claim that it was not aware of the infringing activities, including the specific Infringements on the Website which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of

Midley.

47. Additionally, on information and belief, Midley has extensive knowledge of the use of Plaintiffs' Photographs on its Website as well as "red flag" knowledge of the Infringements, (*see 17 U.S.C. §512(c)(1)(A)(i)*), as evidenced by the following:

a. Midley's Employees posted several of Plaintiffs' copyrighted Photographs on behalf of Midley;

b. Midley's Employees and Agents created, participated and commented on "threads" or postings that encouraged users to post copyrighted photographs, including Plaintiffs' Photographs;

c. Midley's Agents and/or Employees actively reviewed, monitored deleted or "cleaned" postings and threads containing Plaintiffs' copyrighted Photographs, and therefore had actual or "red flag" knowledge of the infringing activity;

d. The Photographs are readily identifiable as copyright protected as the vast majority of the photographs posted on Midley's Website contain a copyright watermark directly on the image thus making their infringement willful as a matter of law; and

e. The professional and celebrity nature of Plaintiffs' Photographs

11

make them readily apparent that they are copyright protected.

48. Midley has the legal right and ability to control and limit infringing activities on its Website. Midley exercised and/or had the right and ability to exercise such right, which is evidenced by the following:

    a. Midley's Agents and/or Employees had complete control over and actively reviewed and monitored the content posted on the Website.

    b. Midley admits that "[a]dministrators are the people who have **overall control of everything that happens** on the board. They oversee how the board is styled, what forums to create and how to organize them, what information to require from members and who to appoint as moderators." *See* http://forum.purseblog.com/faq.php?faq=vb3_reading_posting#faq_vb3_posting.

    c. Midley's general forum rules further state that "[t]he administrators frequently review forum messages for those that are in violation of PF rules." *See* http://forum.purseblog.com/announcement.php?a=8;

    d. Midley's Agents and/or Employees actively review, modify,

        delete and/or "clean" postings so that copyrighted photographs would be more prevalent in order to increase activity to the Website, as is evidenced by the minimal user comments/discussions on majority of the threads.

    e. Midley's general rules require the individuals to "[r]espect TPF's Administrators and Moderators. You are bound to follow their instructions and directions."

        http://forum.purseblog.com/announcement.php?a=8.

    f. The threads and/or postings are uniform throughout the Website in that there is uniformity in the size of the images, each featuring multiple images from the same photograph set. The lack of user comments demonstrates that Midley is controlling, reviewing, editing and modifying the content on its Website to ensure uniformity.

49. On information and belief, Midley engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

50. On information and belief, Midley has received a financial benefit directly attributable to the infringing activity. Specifically, by way of the Infringements, the Website had increased traffic to the and, in turn, Midley realized an increase to its advertising revenues, merchandise sales and

endorsements. (*See 17 U.S.C. §512(c)(1)(B)*).

51. On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

52. On information and belief, Midley at all times had the ability to stop the reproduction and display of Plaintiffs' Photographs.

53. Midley failed to comply with the provisions of 17 U.S.C §512(i)(1)(A), by not adopting and reasonably implementing a policy that provides for the for the termination of subscribers and account holders who are repeat infringers.

54. Midley merely advises that repeat infringers may be "suspended" but does not provide a policy that meets the requirements of 17 U.S.C. §512(i)(1)(A) in that it does not provide for "the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers." *Id.*

55. Upon information and belief, Midley has failed to: (i) adopt a policy that provides for the termination of service access for repeat infringers; (ii) inform users of the service policy; and (iii) implement the policy in a reasonable manner and therefore does not qualify for the Safe Harbor protections under the Digital Millennium Copyright Act ("DMCA").

56. As a result of Midley's misconduct, Plaintiffs have been substantially harmed.

# FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

57. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs "1" through "56" above, as if same were set forth at length herein.

58. The Photographs are original creative works for which Plaintiffs own valid copyrights, properly registered with the United States Copyright Office.

59. Plaintiffs have not licensed Midley the right to use the Photographs in any manner.

60. Plaintiffs have not assigned any of their exclusive rights in the copyrights and/or Photographs to Midley.

61. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Midley improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiffs, thereby violating Plaintiffs' exclusive rights in their copyrights.

62. Midley's reproduction of the Photographs and display of the

Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340 (1991).

63. Midley's conduct is not safe harbored by 17 U.S.C. §512, also known as the Digital Millennium Copyright Act ("DMCA"), in that Midley's Employees and/or Agents took an active role in copying and posting images onto the Website.

64. Additionally, on information and belief, Midley is not safe harbored by the DMCA because it had actual and/or "red flag" knowledge of the Infringements, through the Employees and/or Agents extensive interaction (i.e. editing, reviewing, deleting, etc.) with the Infringements on the Website.

65. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

66. As a direct and proximate result of Midley's misconduct, Plaintiffs have been substantially harmed in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

67. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs "1" through "66" above, as if same were set forth at length herein.

68. At all times relative to the instant Complaint, Midley had the right

and ability to supervise and/or control the infringing conduct of its Employees, Agents and users, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

69. Midley had the ability to view, limit, restrict or otherwise delete images on the Website when its Employees and/or Agents edited, modified and/or interacted with the Photographs, and therefore had the right and ability to supervise and control the use of the infringing Photographs.

70. On information and belief, Midley has further vicariously infringed upon Plaintiffs' Photographs through its Employees and/or Agents promoting and/or highlighting infringing posts, thereby giving the impression that such conduct was rewarded.

71. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Midley's users have continued to infringe upon Plaintiffs' Photographs, which in turn generates profits for Midley directly from the use of the Infringements.

72. Midley enjoyed a direct financial benefit from the infringing activity of its Employees, Agents and users from, *inter alia*, advertising revenue from the increased traffic to its Website and therefore increase in merchandise sales and fees paid by sponsors.

73. Midley further enjoyed a direct financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue.

74. Midley is liable as a vicarious infringer since it profited from direct infringement while declining to exercise its right to stop or limit it. (*See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)).

75. As a result of Midley's misconduct, Plaintiffs have been substantially harmed in an amount to be proven at trial.

## THIRD COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

76. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs "1" through "75" above, as if same were set forth at length herein.

77. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Midley from displaying the Infringements.

## FOURTH COUNT
### *(Attorney Fees and Costs Pursuant to 17 U.S.C. §505)*

78. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs "1" through "77" above, as if same were set forth at length herein.

79. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees

and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests judgment as follows:

1. That the Court enter a judgment finding that Midley has infringed directly and/or vicariously in violation of 17 U.S.C. §501 *et seq.* and award damages and monetary relief as follows:

   a. Statutory damages against Midley pursuant to 17 U.S.C. §504(c) of $150,000 per infringement or, in the alternative, Plaintiffs' actual damages and the disgorgement of Midley's wrongful profits in an amount to be proven at trial; and

   b. A permanent injunction against Midley pursuant to 17 U.S.C. §502; and

   c. Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

   d. Plaintiffs' costs; and

2. Such other relief that the Court determines is just and proper.

DATED: February 3, 2015

**SANDERS LAW, PLLC**

By: _/s/ Craig B. Sanders_____
     Craig B. Sanders, Esq.

*Attorneys for Plaintiffs*